IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PALDO SIGN AND DISPLAY COMPANY, an Illinois corporation, individually and as the representative of a class of similarly situated persons,<br><br>                        Plaintiff,<br><br>        v.<br><br>DAVID L. HANSEN d/b/a DLH INSURANCE CONSULTANTS,<br><br>                        Defendant. | No. 09 C 50055<br><br>Judge Kapala<br>Magistrate Judge Mahoney |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff, PALDO SIGN AND DISPLAY COMPANY, an Illinois corporation (herein "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, DAVID L. HANSEN d/b/a DLH INSURANCE CONSULTANTS (herein "Defendant").

## PRELIMINARY STATEMENT

1.  This case challenges Defendant's policy and practice of faxing unsolicited advertisements.

2.  The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements. The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax also causes the recipient to waste valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue in this district is proper because Defendant does business here and a significant portion of the events took place here.

## PARTIES

8. Plaintiff, PALDO SIGN AND DISPLAY COMPANY, is an Illinois corporation which does business in McHenry County, Illinois.

9. On information and belief, Defendant, DAVID L. HANSEN, is an insurance agent that does business in and has his offices in Illinois. Hansen operates under the name DLH INSURANCE CONSULTANTS.

## FACTS

10. On or about July 13, 2006, Defendant sent by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine. A copy of the facsimile is attached hereto and marked as Exhibit A.

11. Defendant made or created Exhibit A which is a good or product which Defendant distributed to Plaintiff and the other members of the class.

12. Exhibit A is a part of Defendant's work or operations to market Defendant's goods or services which was performed by Defendant and on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

13. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

14. On information and belief, Defendant has sent similar unsolicited facsimile advertisements to at least 39 other recipients.

15. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

16. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

17. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who received a fax on July 12, 2006 or July 13, 2006 offering, "HEALTH SAVINGS ACCOUNTS FROM DLH INSURANCE CONSULTANTS" and stating, "FOR A FREE NO-

3

OBLIGATION QUOTE: COMPLETELY FILL OUT THE FOLLOWING AND FAX TO 847-297-4457."

Excluded from the Class are Defendant, its officers, directors, employees, agents, and members of the Judiciary.

18. <u>Commonality [Fed. R. Civ. P. 23(A)(2)]</u>. Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include but are not limited to the following:

  (a) Whether Defendant sent unsolicited fax advertisements;

  (b) Whether Defendant's facsimiles advertised the commercial availability of property, goods or services;

  (c) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

  (d) Whether Defendant faxed advertisements without first obtaining the recipients' prior express permission or invitation;

  (e) Whether Defendant sent the faxed advertisements knowingly;

  (f) Whether Defendant violated the provisions of 47 U.S.C. § 227;

  (g) Whether Plaintiff and the other members of the class are entitled to statutory damages; and

  (h) Whether the Court should award treble damages.

19. <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>. Plaintiff's claims are typical of the claims of all class members. Plaintiff received a facsimile sent on behalf of Defendant advertising goods and services of Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based on the same federal statute.

Defendant has acted the same or in a similar manner with respect to Plaintiff and all the class members.

20. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interest of the class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

21. <u>Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23 (b)(1)]</u>. Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendant, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

22. <u>Common Conduct [Fed. R. Civ. P. 23 (b)(2)]</u>. Class certification is also appropriate because Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

23. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

    (a) Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

    (b) Evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come form Defendant's records and will not require individualized or separate inquires or proceedings;

    (c) Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

5

(d) The amount likely to be recovered by individual class members does not support protested individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e) This case is inherently managed as a class action in that:

(i) Defendant identified persons or entities to receive the fax transmissions, and it is believed that Defendant's computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendant's practices;

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

24. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …." 47 U.S.C. § 227(b)(1).

6

25. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

26. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

27. The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

28. Defendant knew or should have known that (a) Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, (b) that Plaintiff and the other class members did not have an established business relationship, and (c) that Exhibit A is an advertisement.

29. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on

7

Plaintiff's business activities. Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside Defendant's premises.

30. Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

WHEREFORE, Plaintiff, PALDO SIGN AND DISPLAY COMPANY, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, DAVID L. HANSEN d/b/a DLH INSURANCE CONSULTANTS, as follows:

A. That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater; and

C. The court enjoin Defendant from additional violations; and

D. That the court award costs and such further relief as the court may deem just and proper.

## COUNT II
## CONVERSION

31. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32. In accordance with Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who received a fax on July 12, 2006 or July 13, 2006 offering, "HEALTH SAVINGS ACCOUNTS FROM DLH INSURANCE CONSULTANTS" and stating, "FOR A FREE NO-

OBLIGATION QUOTE: COMPLETELY FILL OUT THE FOLLOWING AND FAX TO 847-297-4457."

33. A class action is proper in that:

    (a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

    (b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

        (i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

        (ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

        (iii) Whether Defendant committed the tort of conversion.

34. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

35. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

36. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

37. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

38. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

39. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

40. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

41. Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

42. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, PALDO SIGN AND DISPLAY COMPANY, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, DAVID L. HANSEN d/b/a DLH INSURANCE CONSULTANTS, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

43. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

44. In accordance with Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons who received a fax on July 12, 2006 or July 13, 2006 offering, "HEALTH SAVINGS ACCOUNTS FROM DLH INSURANCE CONSULTANTS" and stating, "FOR A FREE NO-OBLIGATION QUOTE: COMPLETELY FILL OUT THE FOLLOWING AND FAX TO 847-297-4457."

45. A class action is proper in that:

(a) On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

      (b)      There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

           (i)      Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

           (ii)      The manner and method Defendant used to compile or obtain the list of fax numbers to which he sent Exhibit A and other unsolicited faxed advertisements;

           (iii)      Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

           (iv)      Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

           (v)      Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

46.      Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

47.      A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

48.      Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense

without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

49. Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

50. Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

51. Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, PALDO SIGN AND DISPLAY COMPANY, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, DAVID L. HANSEN d/b/a DLH INSURANCE CONSULTANTS, as follows:

    A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

    B.    That the Court award damages to Plaintiff and the other class members;

    C.    That the Court award attorney fees and costs;

D. That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E. Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,

PALDO SIGN AND DISPLAY COMPANY, individually and as the representative of a class of similarly-situated persons

By: s/Brian J. Wanca
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

**EXHIBIT A**

The innovative way to save money on your health insurance.......
Save 30%, 40% even 50% on your premiums......
Pay your medical expenses with tax free dollars.......
Earn 6.15% tax-free money on your HSA account......

# HEALTH SAVINGS ACCOUNTS FROM
## DLH INSURANCE CONSULTANTS
# The premier HSA provider in the industry....

# FOR A FREE NO-OBLIGATION QUOTE:
## COMPLETELY FILL OUT THE FOLLOWING AND FAX TO 847-297-4457

-------------------------------------------------

Name _____ Age _____ Home zip code _____

Spouse's age _____ Children's ages _____

Telephone numbers: Daytime _____ Evening _____

Best time to reach you? _____

Current Insurance company? _____ Current premium _____

Height Main Insured _____ Weight Main Insured _____

Height Spouse _____ Weight Spouse _____

Does anyone smoke? _____ If yes, who _____

Is any one pregnant? If yes, when is the due date? _____

Any prescription medication? _____ If yes, for what? _____

Medical Conditions

## FAX COMPLETELY FILLED OUT FORM TO: 847-297-4457

WARNING We report to the state bar association and file criminal and civil charges against lawyers and others who "Fax Bait," or attempt extortion against sponsors or us. We receive fax numbers and permission to fax from web pages, yellow pages, or businesses themselves. Date and time stamp at top. To STOP receiving faxes, call "Remove" (below.) This message is the property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations. Customer Service (718) 360-1330, ext 232, toll free "Remove" (800) 991-9484, ext 399. WARNING – Although we charge nothing to use the "800" number, your telephone company could charge you $1.00 or more per minute if you use it internationally.

## "Remove" Hotline, (718) 360-0971, ext 233