# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50055 | **DATE** | 5/6/2011 |
| **CASE TITLE** | Paldo Sign & Display Co. vs. Hansen | | |

**DOCKET ENTRY TEXT:**

Upon further review, the magistrate judge's order of 9/24/2010 [49] is stricken and plaintiff's motion to intervene [45] is denied. This case is dismissed for lack of subject matter jurisdiction. Defendant's motion for sanctions [47] is granted. Counsel for plaintiff is directed to pay $10,000 to defendant within 30 days as a sanction for violating Fed. R. Civ. P. 11(b)(3). Plaintiff's motion for class certification [58] is denied without prejudice as moot. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On March 6, 2009, former plaintiff, G.M. Sign, Inc., filed a class action complaint against defendant, David L. Hansen d/b/a DLH Insurance Consultants, alleging, <u>inter alia</u>, a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based on plaintiff's purported receipt of an unsolicited fax advertisement. Shortly thereafter, one of plaintiff's attorneys retained Robert Biggerstaff to analyze a hard drive and provide an expert opinion regarding any record of fax transmissions from defendant that were contained on the drive.[1] In his expert report, dated March 23, 2009, Biggerstaff reported that he found a total of 10,040 successful transmissions and provided a list of these transmissions, sorted by fax number, as an exhibit to his report. It is undisputed that the telephone number for G.M. Sign's dedicated fax line, 847-546-0447, was not contained within Biggerstaff's list of successful fax transmissions. However, rather than moving to dismiss the lawsuit, counsel for G.M. Sign inexplicably filed a first amended complaint on April 16, 2009 and continued with the litigation despite not having any factual support for the plaintiff's claims.[2]

On September 22, 2010, nearly a year and a half after receiving Biggerstaff's report, plaintiff's counsel filed a "motion to intervene/substitute" Paldo Sign and Display Company ("Paldo") as a new class representative and for voluntary dismissal of G.M. Sign as plaintiff. The next day, defendant filed its motion for sanctions. The day after that, the magistrate judge held a status hearing during which he granted in open court plaintiff's motion to intervene and set a briefing schedule on the motion for sanctions. Thereafter, counsel filed a second amended complaint and a motion for class certification, naming Paldo as the plaintiff and proposed class representative.

Before addressing defendant's motion for sanctions, the court is first compelled to revisit the motion to intervene. This motion was very similar, and in some parts identical, to the motion that plaintiff's counsel had filed in another TCPA case – *Stonecrafters, Inc. vs. The Donas Group, Inc.*, No. 07-cv-2618. In that case, after it had become apparent through phone records that the plaintiff had not received the fax as alleged in the complaint, the plaintiff filed a motion to intervene and substitute a new plaintiff, while the defendant filed a

**STATEMENT**

motion for summary judgment, arguing a lack of jurisdiction. The court agreed with the defendant that it lacked subject matter jurisdiction over the action because no case or controversy existed at the time the suit was filed, the plaintiff never had standing to bring the suit, and the jurisdiction of the court never attached. The court then considered whether a substitution of the named plaintiff could cure this jurisdictional defect but concluded that it could not. See Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 616 (7th Cir. 2002) ("After a suit is certified as a class action, a loss of standing by the named plaintiff does not destroy . . . the federal court's jurisdiction; he can be replaced by a member of the class who has standing. But until certification, the jurisdiction of the district court depends upon its having jurisdiction over the claim of the named plaintiffs when the suit is filed and continuously thereafter until certification . . . ." (citations omitted)); Walters v. Edgar, 163 F.3d 430, 433 (7th Cir. 1998) (commenting on "[t]he danger that a class action will have to be dismissed for lack of standing of the named plaintiffs, even though unnamed members of the class might have standing . . . ."). Accordingly, in an order dated February 4, 2010, the court granted defendant's motion for summary judgment, denied plaintiff's motion to intervene, and instructed the proposed intervenor to file its own suit against the defendant if it wished to pursue its TCPA claim. That order was never appealed and, as far as the court can tell, the proposed intervenor never filed its own suit against the defendant.

In this case, despite having already received an adverse ruling from this court in *Stonecrafters* on the same issue, plaintiff's counsel once again, prior to certification, filed a motion to intervene or substitute the named plaintiff in order to try to save a frivolous case. At the presentment of the motion, plaintiff's counsel did not inform the magistrate judge about this court's prior ruling, and the defendant did not raise any jurisdictional objections.[3] However, as the court had explained in the *Stonecrafters* order, "a frivolous suit does not engage the jurisdiction of the federal courts," and because jurisdiction can be challenged at any time, "it would not matter whether the claim was known at the outset to be frivolous." Walters, 163 F.3d at 433. Moreover, the fact that neither party raised a jurisdictional concern does not matter either. See United States v. County of Cook, Ill., 167 F.3d 381, 387-88 (7th Cir. 1999) ("No court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988))).

In this case, after consideration of the procedural history of this litigation and a review of the evidentiary submissions, including Biggerstaff's expert report and the deposition testimony of G.M. Sign's management, which demonstrates that G.M. Sign never received the alleged offending fax, the court concludes, consistent with its previous analysis in the *Stonecrafters* decision, that the court lacks jurisdiction over this case because the suit was frivolous from the outset, even though the frivolous nature of plaintiff's claims may not have become apparent until later. Accordingly, the magistrate judge's order allowing substitution of the named plaintiff is stricken and this case is dismissed. This dismissal is without prejudice with respect to the potential claims of the substituted plaintiff, Paldo, and if Paldo, or any other alleged potential class member, wishes to pursue its rights under the TCPA, it can do so by filing its own lawsuit against defendant.[4]

Having determined that the case should be dismissed for lack of subject matter jurisdiction, the only remaining motion for the court to consider is defendant's pending motion for sanctions.[5] See Wojan v. Gen. Motors Corp., 851 F.2d 969, 972-73 (7th Cir. 1988) (holding that a district court has "inherent jurisdiction" to rule on a Rule 11 motion, and that "parties to a suit are not shielded from Rule 11 sanctions simply because the court lacks subject matter jurisdiction over the underlying case"). In its motion, defendant claims that plaintiff's counsel violated Rule 11 by failing to conduct a reasonable inquiry into the veracity of the factual allegations in G.M. Sign's first amended complaint, especially in light of the fact that Biggerstaff's expert report directly contradicted plaintiff's claim that it received the fax. Defendant also argues that sanctions are appropriate under 28 U.S.C. § 1927 because "counsel has vexatiously and unreasonably prolonged this litigation at Hansen's expense."

**STATEMENT**

Rule 11 provides, among other things, that by signing a pleading, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). In this case, it is clear that the factual contentions contained in G.M. Sign's first amended complaint, specifically the allegations regarding receipt of the alleged unlawful fax advertisement, did not have any evidentiary support. A reasonable inquiry before filing the amended complaint would have included a review of Biggerstaff's expert report to make sure there was a factual basis to proceed with the litigation. By not making this inquiry, plaintiff's counsel has violated Rule 11, and this conduct warrants a sanction pursuant to Rule 11(c). See Fabriko Acquisition Corp. v. Prokos, 536 F.3d 605, 610 (7th Cir. 2008) (noting that "an attorney violates Rule 11 in maintaining a claim that is unwarranted by existing law or has no reasonable basis in fact").

Rule 11(c) provides that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation," and that the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(1), (4). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

Pursuant to Rule 11(c), counsel for plaintiff is hereby directed to pay $10,000 as a sanction for the Rule 11 violation identified above. The court finds that this amount is sufficient to deter repetition of this type of conduct and will ensure that counsel will be more careful and deliberate when filing cases in the future.[6] Because this sanction is being imposed pursuant to defendant's motion, and because it will provide effective deterrence, the court orders that the sanction shall be paid to defendant within 30 days as reimbursement for part of the reasonable attorney's fees incurred in this case as a result of the violation.[7] See Fed. R. Civ. P. 11(c)(4).

Defendant also requests reimbursement of its attorney's fees pursuant to 28 U.S.C. § 1927, which provides authority for the court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to personally satisfy the excess costs, expenses, and attorney's fees reasonably incurred because of the attorney's conduct. As the Seventh Circuit has explained, "§ 1927 does not provide a generalized substantive remedy for attorney misconduct wherever and in whatever context it may occur. It provides a remedy for bad faith misconduct by an attorney in the pursuit of a case in court." Bender v. Freed, 436 F.3d 747, 751 (7th Cir. 2006); see also Knorr Brake Corp. v. Harbil, Inc., 738 F.2d 223, 226 (7th Cir. 1984) ("Section 1927 clearly is punitive and thus must be construed strictly."); but cf. In re TCI Ltd., 769 F.2d 441, 445 (7th Cir. 1985) ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."). In this case, because the court has already imposed a sanction on counsel pursuant to Rule 11, the court need not decide whether § 1927 provides an alternative basis for sanctions, as any award of attorney's fees under that section would merely be duplicative of the sanction already levied.

---

1. According to Biggerstaff's expert report, he was looking for and found fax transmissions related to "Hanson." However, the named defendant in this case is "Hansen." There is no explanation for this discrepancy.

2. Plaintiff contends that naming G.M. Sign instead of Paldo was an "administrative scrivener's error" but offers no explanation for how or why such a blatant error could persist for over a year and a half from the filing of the original complaint.

3. Defendant's only objection was a request that its motion for sanctions be ruled on before allowing the substitution. There was no specific objection to the proposed substitution of parties.

4. The court need not consider, and therefore expresses no opinion on, whether a new suit by Paldo would be within the statutory limitations period, or whether there might be any sort of tolling of the limitations period based on this case.

5. Paldo's pending motion for class certification is denied without prejudice as moot.

6. The court notes that this is the second TCPA case in front of this court in which counsel has filed a complaint on behalf of a plaintiff who did not receive the alleged offending fax. In *Stonecrafters*, the court did not impose a sanction on counsel, but the court has taken that conduct into account in determining the penalty needed to deter counsel from repeating this mistake a third time.

7. Defendant requests in its motion that plaintiff's counsel be required to pay all of defendant's attorney's fees and costs incurred in defending this case, although defendant does not specify how much that would be. In its response, plaintiff suggests that, at one point prior to the motion for sanctions, defendant's counsel had demanded $54,069.97 to cover all fees and costs incurred to date. In any event, the court need not accurately determine this figure because the court declines to impose such a large sanction for several reasons. First, imposing a sanction for the full amount of defense costs would be greater than necessary to deter repetition and would therefore be inconsistent with Rule 11(c)(4). Second, the court finds that defense counsel should also share some of the blame for the delay. There was nothing preventing defendant from researching G.M. Sign's claims, including checking the phone records to see whether a fax was ever sent to G.M. Sign as alleged in the complaint, early on in the case. This investigation would have resulted in a determination that G.M. Sign did not receive the fax and either a motion to dismiss for lack of subject matter jurisdiction or a motion for summary judgment. Certainly, by the time defendant received Biggerstaff's report, rather than acquiesce to a new plaintiff taking over the case, defendant could have filed a dispositive motion seeking a dismissal of the case. Finally, because the suit is dismissed without prejudice as to Paldo and other putative class members, some of the work done in defending this case may still be useful if Paldo files a new case.